JENNIE L. MILLIKEN ET AL. v. THE BOARD OF CHOSEN
FREEHOLDERS OF THE COUNTY OF SOMERSET.

Argued November 6, 1908—Decided December 9, 1908.

The defendant, charged with the duty of repairing a highway bridge, being notified that it was out of repair and unsafe, undertook to repair the same, and in doing it used a part of the old planking which was worn at the edges, replacing them with the worn side down, so that while the flooring presented a smooth surface, the planking was thin at the point where the worn edges were joined. The plaintiffs' horse, while being driven over the bridge, stepped upon one of the thin edges of the old planking which gave way, causing the horse's foot to pass through the broken portion, in consequence of which the plaintiff was injured. *Held*, that it was a jury question whether replacing the worn plank with the thin edges joined together, which afterward gave way under ordinary and intended use, was a wrongful neglect in making the repairs.

---

On error to Somerset Circuit Court.

Before Justices REED, BERGEN and VOORHEES.

For the plaintiffs in error, *James L. Griggs.*

For the defendant in error, *John A. Frech.*

The opinion of the court was delivered by

BERGEN, J.  This action was instituted by the plaintiffs, husband and wife, to recover damages, grounded upon, as charged in the declaration, the wrongful neglect to repair a bridge, the erection and repair of which was chargeable to the board of chosen freeholders of the county of Somerset. The trial court directed a nonsuit, the propriety of which this writ of error seeks to review.

At the close of the plaintiffs' case there was evidence tending to show that while the wife was driving a horse and carriage over the bridge the floor gave way at a point where the edges of the plank in the floor met, and one foot of the horse passing through the opening made by the breaking of the floor, it was thrown, causing the injury complained of; that defendant had been notified about three months before this accident that the bridge was unsafe and had thereupon caused certain repairs to be made; that the repairing went to the extent of putting in some new planks and replacing most of the old ones, although the latter had been worn quite thin at the edges, by turning the worn sides down, the effect of which was to present a smooth surface, although, owing to the wearing of the planks at the joints, they were quite thin where the edges met; that the break in the floor happened where the thin edges were joined.

It is sought to support this nonsuit under the authority of *Creighton* v. *Freeholders of Hudson,* 41 *Vroom* 350, which was determined upon a rule to show cause, and the verdict set aside, upon the ground that the county was not an insurer, but only liable where it wrongfully neglects to repair, and that to render it liable it was necessary to prove, not only that the bridge was out of repair, but, in addition, either that the

board of freeholders had knowledge of its condition, or that it had been out of repair so long that they were chargeable with notice thereof in time to have made the necessary repairs. Neither actual or constructive notice was shown in that case.

The conditions present in the case under consideration differ materially from those reviewed in *Creighton* v. *Freeholders of Hudson, supra.* Here it appears that the board of freeholders had been notified that the bridge was unsafe; that they undertook to make the necessary repairs, and instead of taking out all of the worn planks took out some, and retained others worn at the edges, which broke under ordinary usage. I am of opinion that in this case it was a jury question whether repairs necessary to make a safe bridge had, after notice given, been made. The defendant had notice of the unsafe condition of the bridge, and when it undertook to repair it should have done it in such manner as to make it safe for the passage of horses and wagons under ordinary conditions. Whether the taking up of worn plank, turning them over, and replacing them with the thin edges joined together, which afterward gave way under ordinary and intended use, is a wrongful neglect in making repairs, was a jury question.

The plaintiffs' claim that this action can be supported under the act approved March 23d, 1859 (*Gen. Stat., p.* 2840, § 173), entitled "A supplement to an act concerning roads, approved April sixteenth, eighteen hundred and forty-six," which provides that if any damage shall happen to any person by means of the insufficiency or want of repair of any bridge upon any public road in any township of this state, which such township or the county in which the same is situate shall be liable to make or repair, the person injured shall have a right of action against the county, and argues that the supplement of March 15th, 1860, to "An act respecting bridges" (*Gen. Stat., p.* 307, § 9), does not apply to this case, and that it was not required that there should be a "wrongful neglect," as required by the latter act, and therefore a sufficient case was made by the plaintiffs if it appeared that the injury resulted from an insufficient bridge without proof of "wrongful neglect." The difficulty with this contention is that each

count in the plaintiffs' declaration alleges the breach of defendant's duty to be "the wrongful neglect of the said defendant to maintain and keep said bridge in good repair." Manifestly this declaration is founded upon the *wrongful neglect* of the defendant as provided in the act of 1860, and not upon the mere insufficiency or want of repair as provided in the act of 1859. Therefore the claim of the plaintiffs that they are entitled to recover under the act of 1859 is without merit and not entitled to consideration. The declaration is framed upon the act of 1860, and I think there was sufficient evidence offered by the plaintiffs from which the jury might infer a wrongful neglect in keeping the bridge in good repair, and for this reason the nonsuit should be set aside and a new trial ordered.